Filed 9/23/21  P. v. Gonzalez CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE, | B310161 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. TA125149) |
| DOUGLAS GONZALEZ, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura R. Walton, Judge.  Dismissed.

Jill Ishida, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Douglas Gonzalez appeals from an order denying his petition for writ of habeas corpus to seek resentencing under Senate Bill No. 1393.  Our independent review of the record shows no arguable appellate issues.

A jury convicted Gonzalez of second degree robbery (Pen. Code,[1] § 211) and deadlocked on the remaining counts.  Gonzalez admitted suffering a prior serious and violent felony conviction for robbery.  (§§ 667, subds. (a)(1), (b)–(i), 1170.12, subds. (a)–(d).)  In 2013, the trial court sentenced Gonzalez to the upper term of five years for the robbery, which was doubled to 10 years for the prior strike.  The court added an additional five years (§ 667, subd. (a)(1)) for the prior serious felony enhancement, totaling 15 years.  A different panel of this Division affirmed the judgment in *People v. Gonzalez* (Dec. 17, 2014, B248086) [nonpub. opn.].  In 2015, the California Supreme Court denied review without comment.  It does not appear that Gonzalez filed a petition for writ of certiorari in the United States Supreme Court.

Thereafter, Senate Bill No. 1393 became effective in January 2019, which amended sections 667 and 1385 to remove the prohibitions on striking or dismissing a five-year prior serious felony enhancement.  (Stats. 2018, ch. 1013, §§ 1–2.)

On October 14, 2020, Gonzalez petitioned for writ of habeas corpus, seeking resentencing under Senate Bill No. 1393 to allow the trial court to exercise its discretion to strike the prior serious felony enhancement.  The court denied the writ on December 2, 2020.  The court found that Gonzalez was not entitled to relief because Senate Bill No. 1393 was not retroactive and, in any event, Gonzalez was not entitled to relief because he "robbed a

---

[1] All further statutory references are to the Penal Code.

vulnerable minor and had a prior conviction for attempted robbery."

Gonzalez timely appealed. On June 25, 2021, Gonzalez's court-appointed counsel filed a brief in which she declared she was unable to find any arguable issues and asked us to follow the procedures in *People v. Serrano* (2012) 211 Cal.App.4th 496. *People v. Serrano* concluded that review under *People v. Wende* (1979) 25 Cal.3d 436, does not apply to appeals from orders denying postconviction relief. (Accord, *People v. Cole* (2020) 52 Cal.App.5th 1023, review granted Oct. 14, 2020, S264278.)[2] *People v. Cole* held that an appeal from a postconviction order may be dismissed if counsel has found no arguable issues and if the defendant has not filed a supplemental brief. Where the defendant has filed a supplemental brief, the Court of Appeal must evaluate any arguments raised in the brief and issue a written opinion disposing of the trial court's order on the merits. (*Id*. at p. 1040.) Gonzalez did not submit a supplemental brief. Nevertheless, without deciding whether *Cole* is correct in part or whole, we review Gonzalez's appeal.

Senate Bill No. 1393 did not take effect until January 1, 2019. Thus, the judgment was final before Senate Bill No. 1393's effective date. The trial court correctly concluded that Gonzalez was not entitled to relief. A superior court's order denying a criminal defendant's petition for writ of habeas corpus is not appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7.)

---

[2] Our Supreme Court is currently considering what procedures appointed counsel and the Courts of Appeal follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit. (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305.)

3

Therefore, the December 2, 2020 denial of Gonzalez's habeas petition is not an appealable order. Even if this were an appealable order, we would find no error.

We have examined the entire record and are satisfied Gonzalez's counsel has fully complied with her responsibilities and no arguable issues exist in the appeal before us. (*People v. Kelly* (2006) 40 Cal.4th 106, 126; *People v. Wende, supra,* 25 Cal.3d at pp. 441–442.)

## DISPOSITION

The appeal is dismissed.
NOT TO BE PUBLISHED.


HILL, J.[*]


We concur:



EDMON, P. J.



LAVIN, J.

---

[*] Judge of the Superior Court of Santa Barbara County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4